1:20-CV-2555

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

[1:08-CR-115]

Submitted April 13, 2020
Decided April 27, 2020

JUDGE GUZMAN

**Before**

MAGISTRATE JUDGE SCHENKIER

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 20-1608

MARK POLCHAN,
    *Applicant*,

    *v.*

UNITED STATES OF AMERICA,
    *Respondent*.

On Motion for an Order Authorizing the District Court to Entertain a Second or Successive Motion for Collateral Review.

**O R D E R**

    Mark Polchan applies under 28 U.S.C. §§ 2244(b) and 2255(h) for authorization to file a successive collateral attack. We conclude that Polchan has made a *prima facie* showing, *see id*. § 2244(b)(3)(C), that his challenge to a conviction for using an explosive device during a crime of violence relies on a new and retroactive constitutional rule, *see id*. § 2255(h)(2). Thus, we grant authorization to file another § 2255 motion.

    In 2011 Polchan was found guilty of eleven offenses, including arson under 18 U.S.C. § 844(i). No. 08 CR 115-1 (N.D. Ill. Oct. 28, 2011). Because Polchan committed that arson with a pipe bomb, he also was convicted of using a destructive device during a crime of violence under 18 U.S.C. § 924(c). All told, he was sentenced to 720 months'

No. 20-1608                                                                                    Page  2

imprisonment. Polchan and his codefendants appealed, but we affirmed, *see United States v. Volpendesto*, 746 F.3d 273 (7th Cir. 2014), and in 2018 Polchan unsuccessfully moved to vacate his sentence under § 2255, No. 15 CV 9080 (N.D. Ill. Dec. 18, 2018).

Polchan now seeks leave to file a successive motion under § 2255(h)(2), which permits a further collateral attack if the applicant relies on a new constitutional rule that the Supreme Court has made retroactive. Polchan contends that his § 924(c) conviction is invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019), which holds that § 924(c)'s "residual" definition of a crime of violence is unlawfully vague. If *Davis*'s holding on the vagueness of the residual clause is a new and retroactive rule for purposes of § 2255(h)(2)—and we see no reason to think otherwise—then Polchan has a *prima facie* case for authorization.

To be sure, if the record made clear that Polchan's conviction was based on § 924(c)'s elements clause (rather than on the statute's residual clause), then we would deny this application. But that remains unclear. Indeed, we have not yet decided whether arson under § 844(i) is a crime of violence under the elements clause. And there is some reason to believe it is not: though § 924(c)(3)'s elements clause defines a "crime of violence" as the use, attempted use, or threatened use of force against the person or property "of another," the text of the arson statute permits conviction for attempts to destroy one's *own* property. *See Russell v. United States*, 471 U.S. 858 (1985). At least one other circuit court has ruled that § 844(i) arson does not satisfy § 924(c)(3)'s elements clause, for precisely that reason. *See United States v. Salas*, 889 F.3d 681, 684 (10th Cir. 2018).

Accordingly, we **GRANT** Polchan's application for leave to file a successive § 2255 motion. The papers filed in this case shall be forwarded to the United States District Court for the Northern District of Illinois.