UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-2555 |
| | ) | |
| MARK POLCHAN | ) | Judge Guzman |

**AGREED STATEMENT
IN SUPPORT OF POLCHAN'S MOTION
FOR RELIEF UNDER 28 U.S.C. § 2255**

The Seventh Circuit granted Polchan leave to file a successive motion for relief under 28 U.S.C. § 2255. The Seventh Circuit transmitted Polchan's motion to this Court for further consideration. This Court set a briefing schedule for the motion. The parties have conferred regarding the disposition of Polchan's request for post-conviction relief. After consulting with the government, Polchan now presents this agreed statement in support of his section 2255 motion.

In *United States v. Polchan, et al.*, No. 08 CR 115-1, Polchan was charged in the third superseding indictment with various offenses, including use of a destructive device under 18 U.S.C. § 924(c) (Count 5) in relation to a crime of violence (Counts 3 and 4). Polchan was convicted on all counts. On Count 5, the Court sentenced Polchan to 360 months in prison, to run consecutively to

1

360 months on the other counts in the indictment. The sentence on Count 5 was a mandatory consecutive sentence as provided in section 924(c).

Polchan sought and received permission from the Seventh Circuit to challenge his conviction on Count 5, since the Supreme Court in *United States v. Davis*, -- U.S. --, 139 S. Ct. 2319 (2019), invalidated the residual clause of section 924(c).

Before this Court, the parties agree that the Count 5 conviction can no longer stand after *Davis* and should be vacated. Absent an enhanced penalty if "death results," violation of the federal arson statute, 18 U.S.C. § 844(i), is not a crime of violence.[1] Under 18 U.S.C. § 924(c)(A), a crime of violence requires the use of force against the person or property of another. Because § 844(i) includes arson of one's own property, it does not categorically require the use of physical force against the "property of *another*" and therefore does not qualify as a crime of violence under § 924(c) after *Davis*.

The parties also agree that the Court, after vacating the Count 5 conviction, should conduct a full resentencing on the remaining counts. To that end, the parties request that the Court order Polchan to be brought before the Court for an in-court resentencing on the remaining counts and, further, that the Court order the preparation of a supplemental pre-sentence investigation

---

[1] The government also maintains that arson under § 844(f)(1), which applies to arson against federal property, is a crime of violence under § 924(c)(3)(A)

report. In light of current events, the parties suggest that the Court set a resentencing date in the fall of 2020 or shortly thereafter.

Dated May 27, 2020, at Chicago, Illinois.

        Respectfully submitted,

        FEDERAL DEFENDER PROGRAM
        John F. Murphy,
        Executive Director

        By:   */s/ William H. Theis*
                William H. Theis
                FEDERAL DEFENDER PROGRAM
                55 E. Monroe Street, Suite 2800
                Chicago, IL 60603
                (312) 621-8300

## CERTIFICATE OF SERVICE

The undersigned, William H. Theis, an attorney with the Federal Defender Program, hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**AGREED STATEMENT
IN SUPPORT OF POLCHAN'S MOTION
FOR RELIEF UNDER 28 U.S.C. § 2255**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on May 27, 2020, to counsel/parties that are non-ECF filers.

> FEDERAL DEFENDER PROGRAM
> John F. Murphy,
> Executive Director
>
> By:   */s/ William H. Theis*
> William H. Theis
> FEDERAL DEFENDER PROGRAM
> 55 E. Monroe Street, Suite 2800
> Chicago, IL  60603
> (312) 621-8300