IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States, ) | |
|     Plaintiff, ) | |
| ) | No. 20 C 2555 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| Mark Polchan, ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's successive § 2255 motion [8] is granted. Within 10 days, the parties are directed to confer regarding a date for a full resentencing and contact the courtroom deputy with their proposed dates.

## STATEMENT

In *United States v. Polchan*, No. 08 CR 115-1 (N.D. Ill.), Defendant was charged in the third superseding indictment with various offenses, including use of a destructive device under 18 U.S.C. § 924(c) (Count 5) in relation to a crime of violence (Counts 3 and 4) (respectively, conspiracy to damage property by an explosive device and damage to property by an explosive device, which the parties refer to as arson). Defendant was convicted on all counts. As to Count 5, the Court sentenced Defendant to 360 months in prison, to run consecutively to 360 months on the other counts in the indictment. The sentence on Count 5 was a mandatory consecutive sentence as provided in § 924(c). Defendant contends in this successive § 2255 motion, which Defendant was granted leave to file by the Seventh Circuit, that the conviction on Count 5 cannot stand, and the government agrees.

Section 924(c)(1)(A) imposes mandatory minimum sentences for persons who carry, use, or possess a firearm during and in relation to a "crime of violence." 18 U.S.C. § 924(c)(1)(A). An offense can qualify as a crime of violence in two ways: either it has, under the elements clause, an element "the use, attempted use, or threatened use of physical force against the person or property of another," or under the residual clause, the offense, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* §§ 924(c)(3)(A), (B). The residual clause was struck down as unconstitutionally vague by the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019). Thus, the only remaining way Counts 3 or 4 can qualify as a crime of violence is if § 844(i) (arson) has an element the use, attempted use, or threatened use of physical force against the person or property *of another*. The parties agree that § 844(i) includes arson against one's own property, and not that of another, so it does not qualify as a crime of violence under the elements clause. Accordingly, the conviction on Count 5 must be vacated.

      For these reasons, Defendant's successive § 2255 motion [8] is granted. Within 10 days, the parties are directed to confer regarding a date for a full resentencing and contact the courtroom deputy with their proposed dates.

**Date:** May 29, 2020

_____
**Ronald A. Guzmàn**
**United States District Judge**